## Wytheville.

DICKENSON V. BANKERS LOAN & INVESTMENT CO. AND OTHERS.

AUGUST 4, 1896.

Absent, Harrison, J.

1. CHANCERY PRACTICE—*Fraud—How Charged—Contradictory Statements in Bill.*—Fraud is a conclusion of law, and the facts relied on to constitute it must be stated in the bill, and must, when taken together, be sufficient to make out a case of fraud. It is not sufficient simply to charge fraud, without stating the facts which constitute it, nor to state the facts tending to show fraud, if they are followed by other statements contradictory thereof.

2. *Usury—Purchaser Agreeing to Pay Usurious Debt of his Vendor as Part of Purchase Price.*—Where land, subject to an usurious deed of trust, is conveyed to a grantee who assumes payment of the debt named therein as a part of the consideration for the conveyance, the grantee cannot set up the usury as a defence to a sale under the deed of trust. The usury is a personal defence to the grantor which he has waived by the sale.

3. CHANCERY JURISDICTION—*Injunction to Prevent Transfer of Negotiable Notes.*—A grantee who has been defrauded by his grantor may come into a court of equity, and, upon a charge that his grantor is insolvent, and has transferred without consideration his unpaid negotiable purchase-money notes to a third person, for the purpose of defrauding the grantee, may enjoin such third person from assigning or transferring the notes, and have the same cancelled so far as necessary to protect such grantee.

Appeal from a decree of the Hustings Court of Roanoke city, pronounced October 19, 1894, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Reversed.*

*G. ·W. Crumpecker*, for the appellant.

*L. H. Cocke*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal from a decree sustaining a demurrer to the bill, and dismissing the case.

The bill alleges that the appellant purchased from Clara M. Jackson a house and lot situated in the city of Roanoke, at the price $1,850; that of this sum she paid in cash $264, executed her negotiable notes for the sum of $686, and the residue, to-wit, $900, she assumed to pay to the Bankers Loan and Investment Company of New York, which held a lien on the property for that sum, in monthly instalments of $15.30; that her contract was made known to the said company, and the terms thereof assented to by it; that she paid the monthly instalments promptly as they fell due for twenty months to Mrs. Jackson, who represented that she was authorized by the company to collect the same; that the appellant then learned accidently and to her great surprise that Mrs. Jackson had not paid the money to the company, and that it denied her authority to collect it; that appellant went to the office of the company and was informed by its agent that Mrs. Jackson had no authority to receive the instalments paid her, and that she had not paid it over to the company; that she then went to Mrs. Jackson who asserted most positively that she did have such authority; that appellant then informed both of them that she would not pay anything more on the property until they settled the matter between them and gave her credit for what she had paid; that the company's agent then informed her that it would take the matter under advisement, and would inform her what it was willing to do; that several months afterwards, it proposed that it would arrange with Mrs. Jackson to pay the

monthly instalments collected by her if the appellant would pay the accumulated dues, fines, costs, &c., which proposition she declined to accept. She further alleges that she had been duped and defrauded by Jackson and the company; that she had paid on the purchase price of the property $625, and placed improvements upon it of the value of $200; that pending the negotiations to settle the controversy between them the property had greatly depreciated in value, and was not worth more than $900; that the trustee in the deed of trust to secure the debt of the company which she had assumed to pay had advertised the property for sale, for cash as to $1,054.79, the sum claimed by the company as due, but the correctness of which she denied; that when the company refused to give her credit for all the instalments which she paid Mrs. Jackson she demanded that it should make sale of the property, believing as she did then that Jackson was solvent, and might be compelled to comply with her contract with appellant, or be compelled to return what she had received upon it, but the company refused to comply with her request and allowed ten months to elapse within which time Mrs. Jackson had become hopelessly insolvent, as she was informed and believed and so charged, and had assigned the purchase money notes held by her to the company for a pretended valuable consideration, but in truth for the sole purpose of defrauding appellant; that the company was fully informed of Mrs. Jackson's misconduct, and of the fact that she had not complied with her part of the contract, and had forfeited her right to said notes before the same were assigned to the company. She further alleged that the contract which the company was about to enforce by a sale of the property was usurious, and that the fines and costs which it provided for were in the nature of a penalty, and would not be enforced by a court of equity, but that it would extend relief against their enforcement because of the fraudulent acts of the company and Mrs. Jackson in misappropriating her

funds, and thereby allowing the fees, fines, costs, &c., to accumulate, which would not have otherwise existed. She prayed that the company, Jackson, and the trustee in the deed of trust, be made parties defendant, and answer the bill under oath; that the sale under the trust be enjoined; that an account be taken to ascertain the liens upon the property and their priorities; the balance due the company; whether the contract between the parties is usurious or not; the value of the property when she purchased it, and of the improvements she had put upon it when appellant ascertained that Mrs. Jackson was misappropriating the moneys paid her for the company; the amount of the outstanding purchase money notes executed by appellant who was the present holder thereof; that the contract be rescinded, the money she had paid and the notes she had executed be returned to her, together with the costs of the improvements made upon the property by her; that her claim be declared a first lien upon the property, and that it be sold for their payment; and that general relief be granted her.

An injunction was granted in accordance with the prayer of the bill. Upon a hearing of the cause upon the bill and exhibits, and demurrer thereto, the court sustained the demurrer, dissolved the injunction, and dismissed the bill.

The facts alleged and relied on to show that the company had authorized Mrs. Jackson to collect the monthly instalments as they became due from appellant, and had colluded with her in misappropriating the same, when read in connection with the statements of the bill containing the company's denial of any authority in Mrs. Jackson to make these collections, and of her failure to pay over what she had collected, do not state a case which shows that Mrs. Jackson was the agent of the company, nor that it had perpetrated a fraud upon the appellant.

To charge fraud without stating the facts which consti-

tute the fraud is insufficient. To make statements in the bill, which, if true, would constitute fraud, and follow them by statements which are contradictory of or inconsistent with the statements which show fraud, although fraud be charged, is not sufficient.

Fraud is a conclusion of law, and the facts relied on to constitute it must be stated in the bill, and must, when taken together, be sufficient to make out a case of fraud. Kerr on Fraud & Mistake, p. 365; Story's Eq. Pl., secs. 251, 252; 1 Barton's Chy. Pr., 427; High on Injunctions, sec. 28.

Even if the contract between the company and Mrs. Jackson were usurious, as alleged, it would furnish the appellant no ground for relief. Where land subject to an usurious deed of trust is conveyed to a grantee, who assumes the payment of the debt named therein as a part of the consideration for the conveyance, he cannot set up the usury as a defence to a sale under the deed of trust. He has received a consideration for his undertaking to pay the debt, and will not be permitted to get rid of its payment by relying upon a defence which is personal to the original debtor, and which he has waived. *Crenshaw* v. *Clark*, 5 Leigh 69 (side page 65); *Spangler* v. *Snapp*, Id. 519 (side page 478); *Michie* v. *Jeffries*, 21 Gratt. 334; *Christian & Gunn* v. *Wortham*, 78 Va. 100.

If it be true, as charged in the bill, that Mrs. Jackson, being insolvent, assigned the unpaid negotiable purchase money notes held by her to the company without consideration, and for the purpose of defrauding the appellant, she had the right to come into a court of equity to have the company restrained from assigning or transferring these notes, and to have them cancelled so far as was necessary to protect her from loss and damage by reason of the failure of Mrs. Jackson to pay over the monthly instalments collected by her from the appellant.

This being a sufficient allegation for equitable relief, the

demurrer should have been overruled, and the parties required to answer.

The decree of the Hustings Court must be reversed, the demurrer overruled, and the cause remanded to that court for further proceedings to be had therein.

*Reversed.*