Moomaw *et al.*

*v.*

Fairview Cemetery Co. *et al.*

(*Supreme Court of Appeals of Virginia, June 24, 1897.*)

[27 S. E. Rep. 489.]

**Equity Practice—Cancellation of Instruments—Remedy at Law—Case at Bar.**

In contemplation of a sale of the land to the company, and for its benefit, promoters of a corporation contracted for the location of a railroad across their land, such location being an inducement to the company to buy, and a part of the consideration for the purchase. Before the railroad was located, the contractor was paid the contract price, by assigning to him notes executed by the corporation to the promoters for the land, and secured by trust deed of it, and by canceling an assessment on stock in the company which had been subscribed by the contractor. The contractor became unable to perform and the company agreed to release him on his surrendering said notes and stock, and appointed the promoters to carry out the agreement for release. The promoters released the contractor, and took the notes and stock, and kept them, claiming to be entitled to the benefit thereof, and that the company was liable on the notes: *held*, that the promoters would be enjoined from disposing of the notes and stock, and compelled to surrender them to the company, so that they and the payment of the assessment on the stock might be canceled, and the land released from the trust deed, there being no adequate remedy at law.

Appeal from circuit court of city of Roanoke.

Bill by the Fairview Cemetery Company against W. P. Moomaw and others for the surrender and cancellation of notes and stock, and for an injunction against a disposition of the same. From a decree for complainant, certain defendants appeal. Affirmed.

*Moomaw & Woods*, for appellants.

*Hardaway & Payne* and *Scott & Staples*, for appellees.

HARRISON, J., delivered the opinion of the court.

The bill in this case alleges that W. P. Moomaw and E. S. Wents, appellants here, together with A. P. Neal and J. H. Featherstone, were the owners of a tract of land lying near the city of Roanoke, the title to which was in said J. H. Featherstone, for the use of himself and associates; that these parties, as promoters, organized the Fairview Cemetery Company, appellee here, for the purpose of selling it this land, and did, by deed dated March 14, 1890, convey the same to appellee, at the price of $20,000, taking at the same time a deed of trust to secure certain negotiable notes executed by appellee for the deferred purchase money. It is further alleged that, before the purchase of the land by appellee, the promoters had made a contract with one J. F. Christian, general manager of the Street-Railway Company of Roanoke, to locate across one corner of the land a certain "dummy line," which was about to be built from Roanoke to Salem, agreeing to pay therefor the sum of $1,800.

It is further alleged that the location of the dummy line upon the land was a part consideration for, and an inducement to appellee to purchase, the land; that the contract for its location was made in contemplation of the sale to appellee, and for its benefit; and that the $1,800 was paid to Christian, by assigning to him the two purchase-money notes executed by appellee, now in controversy, amounting to $1,612.50, and the cancellation, as paid, of the cash payment, amounting to $187.50, due from Christian on 30 shares of stock taken by him in the appellee company.

It is further alleged that Christian was unable to fulfill his contract to locate the railway line on the land; that appellee,

realizing that said Christian was acting in good faith, and was really unable to fulfill his agreement, agreed to release him therefrom, provided he would surrender to appellee its notes and stock given him as the consideration for his contract; that Christian agreed to do this; and that thereupon appellee appointed appellants, who were two of its stockholders and directors, to see Christian on behalf of appellee, and release him from liability to locate the dummy line, upon the terms stated.

It is further alleged that appellants did see Christian, and, in pursuance of the authority vested in them by appellee, released him from his contract, and that Christian thereupon surrendered to them, for appellee, the notes and all interest that he held in the stock of the company.

It is further alleged that appellants, instead of delivering up the notes and stock to appellee, refused to do so, claiming that they and their fellow promoters were entitled to the benefit of said notes and stock, and that appellee should pay the same, notwithstanding the fact that the consideration therefor had entirely failed. It is further alleged that J. H. Featherstone, one of the promoters, admitted appellee's right to the notes and stock surrendered by Christian, and had therefore executed a paper denying any liability of appellee to pay the notes, and releasing all interest therein.

It is further alleged that these notes constituted the only outstanding evidence of debt secured by the deed of trust upon appellee's land; that appellee has always stood ready to pay them, provided the railway had been located as contemplated; that, the consideration for which the notes and stock were given having failed, the purchase money should be abated to that extent.

The prayer of the bill is that appellants and their associates be enjoined and restrained from disposing of or using said notes or stock in any manner whatsoever; that they be compelled to surrender and deliver the same to appellee; that the notes may

be canceled, and the land released and discharged from the lien of the deed of trust securing the same ; and that appellee be allowed to cancel the payment of the assessment on the stock, and to cancel or dispose of the stock as it may see fit.

The case was heard on the bill, demurrer, and answer thereto, and deposition ; and the court entered a decree in accordance with the prayer of the bill, from which decree this appeal is taken.

We are of opinion that the demurrer, which only raised the question of jurisdiction, was properly overruled. The bill states a case clearly calling for the interposition of a court of equity, and asks relief that a court of law would be wholly unable to afford.

We are further of opinion that the allegations of the bill are fully sustained by the evidence, and appellee therefore entitled to the relief prayed for.

For these reasons, the decree complained of must be affirmed.