# CHARLESTON

ATKINSON *v.* CAIN.

Submitted September 13, 1906.    Decided February 19, 1907.

1. INJUNCTION—*Transfer of Note.*
    Equity will enjoin the transfer of a negotiable note on grounds which, as between maker and payee, would prevent the payee from enforcing the note. (p. 355.)

Appeal from Circuit Court, Wood County.

Bill by Mathew Atkinson against Isaac Cain and others. Decree for defendants, and plaintiff appeals.

*Reversed.*

J. W. VANDERVORT, for appellant.

BRANNON, JUDGE:

Isaac Cain conveyed to Mathew Atkinson, with general warranty, a tract of land, taking for deferred purchase money two negotiable notes. Before this conveyance there had been an attachment levied on the land with notice of *lis pendens* and Cain later had a judgment entered for its sale. Under this judgment a sale of the land was advertised, and to save his land Atkinson paid the judgment. The bill states that Cain personally represented to Atkinson that no lien existed on said land, except an item of taxes which Cain paid. The notes were committed to the custody of the Parkersburg Banking and Trust Company for collection, at which bank they were payable, but were still owned by Cain. Before either of the notes became matured Atkinson filed his bill in equity to enjoin the Banking and Trust Company from disposing of the notes or from delivering them to Cain, and to enjoin Cain from selling them to any person, and to apply the sum paid by Atkinson in payment of said attachment debt in full discharge of the notes. The bill alleged that Cain was insolvent and would transfer said notes to some purchaser without notice. Upon demurrer to the bill the court dismissed it.

Why the court sustained the demurrer does not occur to us. There is no brief for the defendant to tell us. The sole consideration for the notes was the land conveyed with general

warranty, and so far as we know on demurrer there was a valid lien antedating the conveyance to Atkinson, and if valid Atkinson had right to pay it, and right to set it off against the unpaid purchase money, and Cain might, and it was charged would, sell the notes, which in the hands of a purchaser for value, without notice of the facts, would compel payment by Atkinson. We understand that equity will enjoin the sale and transfer of negotiable instruments on good grounds. How otherwise could their makers be protected? The common law affords no remedy in such case. *Dickenson* v. *Bankers*, 93 Va. 498; *Moomaw* v. *Fairview*, 2 Va. Dec. 509; Pomeroy's Eq., section 1240. 10 Am. & Eng. Dec. in Eq. 55, has a large citation of cases for this position. We need not summon cases holding that where the law remedy is doubtful or partial equity comes in, because the law would give no relief at all to Atkinson against a purchaser for value without notice of the truth affecting these notes. It seems not necessary to say that chancery will enjoin collection of purchase money where title fails. *Kinport* v. *Rawson*, 29 W. Va. 487.

Therefore we reverse the decree, overrule the demurrer, and remand the case for further proceedings.

*Reversed.*