# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Anand, L.L.C.

v.

Clifford Kent Allison,
Deep Enterprises,
and Dilip R. Patel

Case No. CL98-1519

Dinesh Bhatt
and Nyann Bhatt

v.

Clifford Kent Allison,
Deep Enterprises,
and Dilip R. Patel

Case No. CL99-2066

May 23, 2001

BY JUDGE CLIFFORD R. WECKSTEIN

Post-trial motions are before the court for decision.

On February 5, 2001, the plaintiffs in both of these cases settled their claims with Deep Enterprises. Those settlements also resolved suits among

these plaintiffs and Deep which were then pending in the Circuit Court of the City of Hampton. A jury was then empaneled in the Circuit Court of the City of Virginia Beach. For two weeks, in a single consolidated trial, the jury heard Anand's and the Bhatts' claims against Dilip R. Patel and C. Kent Allison.

After verdicts were returned, written post-trial motions were filed by leave of court. A trial transcript was prepared. The parties have filed memoranda of law and have argued orally by telephone conference calls.

Dilip R. Patel has filed a Motion to Set Aside the Verdict, Motion to enter Final Judgment Notwithstanding the Verdict, Motion to Grant a New Trial, and Motion for Other Relief. Allison has filed a Motion to Set Aside Punitive Damages. The plaintiffs have filed a Motion for Award of Attorney's Fees, Costs, and Expenses.

Having carefully considered the motions, the court will enter judgment on the jury's verdicts, modifying a punitive damage award to fit within the statutory cap. The court will deny the plaintiffs' motion for attorney fees and enter judgment for taxable court costs with interest at the judgment rate until paid from the date of the jury's verdicts.

Before discussing the motions individually, I note that most of the defendants' disputes are with decisions of fact made by the jury. The jury reached these decisions upon evidence that, in this judge's view, was properly submitted to it. The trial court should not, cannot, and will not substitute its judgment about the weight or effect of evidence or the reasonable inferences to be drawn from proven facts for the judgment of the jury. Applying familiar principles, I must view the evidence in the light most favorable to the parties in whose favor the jury found:

> [T]he power conferred on the trial judge . . . to set aside a jury verdict and enter final judgment can only be exercised where the verdict is plainly wrong or without credible evidence to support it. If there is a conflict in the testimony on a material point, or if reasonable [persons] may differ in their conclusions of fact to be drawn from the evidence, or if the conclusion is dependent on the weight to be given the testimony, the trial judge cannot substitute his conclusion for that of the jury merely because he would have voted for a different verdict if he had been on the jury. The weight of a jury's verdict, when there is credible evidence upon which it can be based, is not overborne by the trial judge's disapproval. The question involved under such circumstances is one of fact for determination by the jury, and their verdict cannot be disturbed by either the trial court or by this Court,

and if improperly set aside by the trial court, it will be reinstated by this Court.

*Dutton v. Locker*, 224 Va. 535, 543-44 297 S.E.2d 814 (1982).

### Motion to Set Aside the Verdict and Motion to Grant a New Trial

Though Dilip R. Patel remains dissatisfied that these cases were tried together, he concedes, as he must, that a trial court always has the power, in the exercise of its discretion, to order cases consolidated for trial when the cases are of the same nature, arise from the same acts or transactions, involve the same or like issues, and depend substantially on the same evidence. *See Clark v. Kimnach*, 198 Va. 737, 745, 96 S.E.2d 780 (1957), *quoting Giguere v. Yellow Cab Co.*, 59 R.I. 248, 250, 195 A. 214; see also *Tazewell Oil Co. v. United Virginia Bank*, 243 Va. 94, 109-10, 413 S.E.2d 611 (1992) (proper for trial court to consolidate cases despite fact that some of the cases involved separate facts and claims, when common facts arising out of the complicated relations over essentially the same period of time were integral to all cases).

Among the witnesses called by the plaintiffs were Ray Patel and both defendants, Dilip R. Patel and C. Kent Allison. Had these cases been tried separately, much (if not all) of the testimony that each offered in the consolidated trial properly could have been presented, and in all likelihood would have been required, in order for the jury to understand the events that took place, as well as the relationship and course of dealings among the parties. Consolidation for trial saved the parties from having to present the same evidence in multiple proceedings, saved witnesses from the inconvenience of appearing for additional trials, served interests of judicial economy, and, I am satisfied, did not unduly or improperly prejudice any party.

If there had been a trial against Dilip R. Patel alone, much of the evidence about matters which took place before Anand's formation would have been admissible for the jury's consideration about the nature, reasonableness, and extent of Anand's reliance on Dilip R. Patel's misrepresentations. Evidence of actions after the LLC's formation was relevant, *inter alia*, to damages, and to the assertions that Dilip R. Patel's advice to Anand entangled it in the Hampton litigation, and that Dilip R. Patel's failure to obtain consent of the "minority shareholders," notwithstanding his representations to the contrary, caused damages.

Before, at, and after trial, Dilip R. Patel argued that, as a matter of law, Anand is not entitled to damages for anything that occurred before July 17, 1996, when Anand came into legal existence. He made the same argument, as a matter of fact, to the jury. The issue was for the jury, and not for the court.

Dilip R. Patel contends that there is no evidence to support a finding that Anand was a third-party beneficiary of an agreement he made with the Bhatts before the LLC was formed. Before, at, and after the trial Dilip R. Patel argued that neither he nor the Bhatts contemplated the existence of Anand when their contract was formed and, therefore, that the entity that became Anand was not clearly and definitely intended by the contracting parties to be a third-party beneficiary of the contract. On the evidence presented at trial, I cannot say that I should have deprived the jury of the opportunity to consider whether such an intent existed. Being of the view that reasonable minds could differ on whether the parties clearly intended to benefit this entity, I will not disturb the jury's verdict. (I also recognize, as Dilip R. Patel must as well, that the evidence introduced on the third-party beneficiary claim would have been admitted on the fraud and fiduciary duty claims and that no harm to Dilip R. Patel can have been caused even if the third-party beneficiary claim should not have gone to the jury.)

A litigant who prosecutes a cause of action for actual fraud must prove by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *See Winn v. Aleda Const. Co.*, 227 Va. 304, 308, 315 S.E.2d 193 (1984); *see also Wolford v. Williams*, 195 Va. 489, 498, 78 S.E.2d 660 (1953); *Bryant v. Peckinpaugh*, 241 Va. 172, 175, 400 S.E.2d 201 (1991); *Ashby v. Red Jacket Coal Corp.*, 185 Va. 202, 207, 38 S.E.2d 436 (1946); *Chandler v. Satchell*, 160 Va. 160, 171-72, 168 S.E. 744 (1933). "Concealment of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist constitutes actionable fraud." *Allen Realty Corp. v. Holbert*, 227 Va. 441, 450, 318 Va. 592 (1984) (citations omitted). "Concealment of a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, is as much fraud as if the existence of the fact were expressly denied." *Metrocall of Del. v. Continental Cellular*, 246 Va. 365, 374, 437 S.E.2d 189 (1993) (citations omitted). The jury could have found that Dilip R. Patel intentionally concealed facts that were material to the transactions at issue, knowing that Anand was acting on the assumption that no such facts existed. From the evidence, the jurors could, for example, have concluded that Dilip R. Patel failed to advise Anand of his failure to obtain shareholder consent and his use of Deep's money for the purchase of the

ground lease; that he remained silent about Kent Allison's lie to Deep's minority shareholders, inducing them to wire him $300,000; that his concealment of truth was the equivalent of an express denial; that Anand relied on these omissions and concealments to its detriment. The evidence was sufficient for the jury to find, by clear and convincing evidence, that Dilip R. Patel committed fraud.

Dilip R. Patel also contends that he could not be a fiduciary until Anand came into legal existence, and that there was thus no evidence to support a finding of breach of fiduciary duty to the corporation. Again, I remain of the view that this was a question of fact to be decided by the jury. A fiduciary duty arises "when special confidence has been reposed in one who in equity and good conscience is bound to act in good faith and with due regard for the interests of the one reposing the confidence." *Allen Realty Corp. v. Holbert, supra,* 227 Va. at 446 (1984). Though the jury certainly could have agreed with defendant Patel's views on this point, there was evidence (including testimony presented by Dinesh Bhatt and Kent Allison) from which it could have concluded that Dilip R. Patel had such a special relationship with Anand. After hearing testimony that Dilip R. Patel contemplated bringing suit for failure to inform him of corporate meetings, the jury could have found that he, himself, considered himself to have a fiduciary involvement in Anand's corporate decision-making. And, having concluded that he owed fiduciary duties to Anand, the jury certainly could have concluded from the evidence that Dilip R. Patel failed to disclose to Anand material information that likely would have affected the corporation's decision making, thus breaching those duties. *See Musselman v. Willoughby Corp.,* 230 Va. 337, 343, 337 S.E.2d 724 (1985).

Dilip R. Patel argues that, even if he committed fraud and violated a fiduciary duty, his actions did not damage Anand. "A proximate cause of an event is that 'act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred'." *Sugarland Run Homeowners Ass'n v. Halfmann,* 260 Va. 366, 372, 535 S.E.2d 469 (2000) (*quoting Beale v. Jones,* 210 Va. 519, 522, 171 S.E.2d 851, 853 (1970)). Generally, proximate causation is a question of fact to be resolved by a jury. *Jenkins,* 251 Va. at 128, 465 S.E.2d at 799 (citing *Brown v. Koulizakis,* 229 Va. 524, 531, 331 S.E.2d 440, 445 (1985)). However, when reasonable people cannot differ, the issue becomes one of law for the court to decide. *Jenkins,* 251 Va. at 128 (citing *Hadeed v. Medic-24, Ltd.,* 237 Va. 277, 285, 377 S.E.2d 589 (1989)). I cannot say that, as a matter of law, Dilip R. Patel's failure to disclose

material information was not a competent producing cause of serious financial loss to Anand, as owner of the ground lease.

Dilip R. Patel says that Allison's actions and omissions were the sole proximate cause of any damages that Anand sustained. He made the same argument to the jury. While I cannot quarrel with the proposition that the evidence would support the conclusion that Allison's actions contributed to the loss of the ground lease, it was the role of the fact-finder and not the court to apportion liability. The evidence was sufficient for the jury to conclude that Dilip R. Patel knew material facts concerning Allison's conduct and failed to divulge them to Anand when he had a duty to do so and that this failure proximately contributed to causing the ownership dispute that effectively prevented Anand from selling the ground lease or developing the property.

Alternatively, Dilip R. Patel seeks a new trial on the issue of damages, which he claims are excessive and contrary to the plaintiffs' own evidence. Under Code § 8.01-383, the court may exercise its discretion to grant a new trial whenever it finds that the damages awarded were either excessive or insufficient. *Johnson v. Smith*, 241 Va. 396, 400, 403 S.E.2d 685 (1991). Defendant Patel contends that the jury's compensatory damage award cannot stand because Anand received what it bargained for and because the corporation's loss of its asset, the ground lease on motel property in Hampton, was, he asserts, caused solely by its own failure to pay rent. He made the same arguments to the jury.

Anand presented evidence about amounts that others would have paid for the ground lease or for fee simple ownership of the property. It also presented evidence, *inter alia*, about amounts that the "minority shareholders" in Deep Enterprises would have paid for the ground lease and about the expected costs to renovate the motel so that it could be used for a franchised motel. This evidence did not, as Dilip R. Patel contends, allow the jury to speculate improperly about the value of the ground lease. Rather, this was information, which allowed the jurors to make reasoned conclusions about the value of the ground lease, had it been obtained with good title and pursuant to the proper corporate decision-making process. This evidence gave the jurors facts and circumstances from which to make "an intelligent and probable estimate" of the amount of the loss that they found had been proven. *Manss-Owens Co. v. Owens & Son*, 129 Va. 183, 105 S.E. 543 (1921); *Agostini v. Consolvo*, 154 Va. 203, 153 S.E. 676 (1930); *Kiser v. Amalgamated Clothing Workers*, 169 Va. 574, 194 S.E. 727, 114 A.L.R. 1291 (1938); and *Wyckoff Pipe & Creosoting Co. v. Saunders*, 175 Va. 512, 9 S.E.2d 318 (1940). *Compare Chaves v. Johnson*, 230 Va. 112, 120, 335 S.E.2d 97 (1985).

Though perhaps more commonly employed as a ground for recision or other equitable relief, fraud can of course be the basis of an action at law for damages. *Jefferson Standard Life v. Hendrick*, 181 Va. 824, 833, 27 S.E.2d 198 (1943). "Fraud is a tort . . . .when sued upon at law, fraud will support a recovery for financial damage. . . ." *Pigott v. Moran*, 231 Va. 76, 81, 341 Va. 179 (1986). Dilip R. Patel notes that the usual consequence of fraud is that, as between the parties, the one who is defrauded has a right, if possible, to be restored to his former position. *See Jefferson Standard*, 181 Va. 833, 27 S.E.2d 198 (1943). Sometimes, however, only an award of damages can accomplish this result.

Having proven its claim for loss of the property to the satisfaction of the jury, Anand was entitled (as the jury was told in an instruction to which no objections were made) to an award of damages that fully and fairly compensated it. Anand owned the ground lease at the time it was lost; the claim for damages properly belongs to it. Though Dilip R. Patel argues that the compensatory damage award should be reduced by the amount that the Bhatts paid for the property, the court does not know and should not speculate about how the jury factored into its damage award the purchase price paid by the Bhatts. *See Walker v. Mason*, 257 Va. 65, 71, 510 S.E.2d 734 (1999). The court must therefore decline the request to reduce the jury's award of compensatory damages to Anand and against Dilip R. Patel.

Dilip R. Patel complains that the plaintiffs failed to plead or prove entitlement to punitive damages. I do not agree.

Punitive (or exemplary) damages can be recovered in an action for fraud when there is direct or circumstantial proof of actual malice, so long as there is evidence to support an award of compensatory damages. *See Patrick v. Summers*, 235 Va. 452, 456, 369 S.E.2d 162 (1988); *Murray v. Hadid*, 238 Va. 722, 732, 385 S.E.2d 898 (1989); *Jordan v. Sauve and Koons*, 219 Va. 448, 453, 247 S.E.2d 739 (1978). Contrary to Dilip R. Patel's argument, Anand's amended motion for judgment clearly identified the bases upon which it sought an award of punitive damages, fraud and breach of fiduciary duties, and there was ample evidence, taken in the light most favorable to Anand, to support the jury's conclusion that Dilip R. Patel engaged in conduct for which punitive damages were appropriate. For the reasons articulated by Anand in its reply memorandum, the trier of fact had substantial evidence (very much including Dilip R. Patel's own testimony) from which to determine the quantum of punitive damages necessary in the case at bar. Considering the testimony, a judge cannot say that the court's conscience is shocked by a jury decision that Dilip R. Patel should pay $500,000.00 in punitive damages.

The court must, however, and as Anand agrees, reduce the punitive damage award to $350,000.00, the punitive damage "cap" of Code § 8.01-38.1.

### Allison's Motion to Set Aside Punitive Damages

Allison asserts that any duty he owed the Bhatts arose out of a contract. Therefore, he argues, the Bhatts cannot recover punitive damages from him. While it is true that the attorney-client relationship is formed by a contract, *see Oleyar v. Kerr, Trustee*, 217 Va. 88, 225 S.E.2d 398 (1976), "the duty upon the attorney to exercise reasonable care, skill, and diligence on behalf of the client arises out of the relationship of the parties, irrespective of a contract, and the attorney's breach of that duty, *i.e.*, the appropriate standard of care, constitutes negligence." *Lyle, Siegel v. Tidewater Capital Corp.*, 249 Va. 426, 432, 557 S.E.2d 28 (1995). "[A]ctions against attorneys for negligence are governed by the same principles applicable to other negligence actions." *Id.*, citing *Allied Productions v. Duesterdick*, 217 Va. 763, 765, 232 S.E.2d 774 (1977). "With respect to contributory negligence, [there is] no logical reason for treating differently legal malpractice and medical malpractice actions." *Id.* In medical malpractice suits, punitive damages are recoverable so long as the total damages recovered do not exceed the statutory cap. *See Bulala v. Boyd*, 239 Va. 218, 230-32, 389 S.E.2d 670 (1990). The instructions the jurors received about punitive damages were "governed by the same principles applicable to other negligence actions." *See Allied Productions*, 217 Va. at 765, 232 S.E.2d 774.

Based upon Allison's own testimony, as well as the other evidence in the case, I am satisfied that the jury had before it facts that were more than sufficient to permit it to assess punitive damages against Allison. *See Mattison v. Dallas Carrier Corp.*, 947 F.2d 95 (4th Cir. 1991). Having observed Allison on the stand for two days, having heard evidence (including his own testimony) from which it could conclude that he willfully and deliberately lied to, misled, and stole from his clients, that he acted with actual and legal malice and with utter and reckless disregard for the welfare of his clients, having heard and evaluated Allison's testimony that his net worth is a negative $3,000,000.00, the trier of fact determined how much he should pay in compensatory damages and how much in punitive damages. Neither decision shocks the conscience of the court. Neither is so "destructive" as to require judicial correction.

*Counsel Fees*

In a fraud suit in chancery, the Supreme Court of Virginia held in 1999, the trial court, in the exercise of its discretion, may award attorney's fees to a defrauded party. When deciding whether to award attorney's fees in such a situation, the chancellor must consider the circumstances surrounding the fraudulent acts and the nature of the relief granted to the defrauded party. *Prospect Devel. Co. v. Bershader*, 258 Va. 75, 93, 515 S.E.2d 291 (1999). This is one of the few exceptions in Virginia to the general proposition that, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable. *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594, 385 S.E.2d 380, 383 (1989); *Gilmore v. Basic Industries*, 233 Va. 485, 490, 357 S.E.2d 514, 517 (1987). This is the "American rule" to which the Supreme Court has consistently adhered. *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594, 385 S.E.2d 380 (1989); *Mullins v. Richlands National Bank*, 241 Va. 447, 449, 403 S.E.2d 334 (1991). I will assume, doubtfully, that the trial judge in a law action in which fraud has been proven, has the same power to award attorney's fees as does the chancellor. Considering all of the facts and circumstances of the case, and the quantum of the jury's compensatory and punitive damage award against Dilip R. Patel, the court in the exercise of its discretion will not order him to pay fees to plaintiffs' counsel. Nor does the court find it appropriate at this time to award attorney's fees for the estimated cost of collection without regard to the success and necessity of those efforts. *See Prospect Devel. Co.*, 258 Va. at 93, 515 S.E.2d 291.

Appropriate orders will enter.