## CIRCUIT COURT OF THE CITY OF ROANOKE

Group Insurance
Concepts, Inc.

v.

Visium Solutions Corp.

January 28, 2003

Case No. CL02001090

By Judge Charles N. Dorsey

The plaintiff filed his Motion for Judgment alleging breach of contract and fraud claims, along with a demand for punitive damages and attorney's fees. The defendant demurred and objected to the sufficiency of the pleading of fraud and the claim for punitive damages and attorney's fees.

*Demurrer*

In order to sustain a cause of action in fraud, the facts constituting the fraud must be sufficiently pleaded. *See Mortarino v. Consulting Engineering Services, Inc.*, 251 Va. 289, 467 S.E.2d 778 (1996). The elements comprising actual fraud are: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193 (1984).

The Virginia Supreme Court has stated that "fraud is a conclusion of law, and the facts relied on to constitute it must be stated in the bill, and must, when taken together, be sufficient to make out a case of fraud." *Dickenson v. Bankers Loan & Investment Co.*, 93 Va. 498, 502, 25 S.E. 548, 549 (1896). The plaintiff alleges the following facts.

The parties entered into a written agreement effective August 14, 2002, to transact business together. (MFJ 1.) Pursuant to the terms of the Agreement, Group Insurance was to transmit to Visium inquiries from individual consumers seeking information and quotation services regarding mortgage products. Each individual consumer inquiry seeking such services was referred to in the Agreement as a Lead. Pursuant to the terms of the Agreement, Visium was to pay Group Insurance $14 per qualified Lead transmitted to Visium by Group Insurance. This payment was to be made within three business days of transmittal of an invoice from Group Insurance to Visium. If Visium did not regard a Lead as qualified, Visium was entitled to seek a credit within a ten-day period following the transmittal of such Lead. (MFJ 2.)

Group Insurance has transmitted 8,220 Leads to Visium. Visium did not dispute any of the Leads during the ten-day time periods. Group Insurance has properly invoiced Visium for all of the Leads provided, but Visium has not paid for any of the Leads. (MFJ 3.)

A Visium representative contacted Group Insurance and offered to sell to Group Insurance the same type of mortgage leads that Group Insurance provided to Visium for $8 a Lead. (MFJ 3.)

Group Insurance contacted Visium representatives regarding the lack of payment and at that point, Visium disputed the qualification of the Leads. (MFJ 3.) Upon further discussion with Visium executives, Visium promised to make payment and even wanted to increase the volume of Leads that Visium was receiving. (MFJ 4.)

Group Insurance alleges that Visium entered into the Agreement with the intention of not paying for all of the qualified Leads transmitted to it by Group Insurance, but did so in order to obtain the Leads, fail to pay for them as promised, and then resell them to others as a profit. (MFJ 5.)

The Supreme Court of Virginia has said that, "in cases involving the question of fraud, a very great latitude is allowed in pleading." *Jordan v. Liggan*, 95 Va. 616, 618, 29 S.E. 330 (1898). However, the Court further clarified the statement and stated that "fraud must be alleged as well as proven, and it will not do to state it argumentatively. The charge must be direct as the proof must be clear." *Id*. at 621. "Pleading specific facts is particularly important in fact specific cases like fraud and civil conspiracy" *Peterson v. Bass*, 48 Va. Cir. 206, 209 (1999) (citations omitted). "Fraud . . . must be clearly and expressly charged. . . ." *Sands v. Bankers Fire Ins. Co.*, 168 Va. 645 (1937). "It is a well settled rule of pleading, both at law and in equity, that the facts out of which the fraud arises must be alleged as well as proved. . . ." *Koch v. Realty Corp.*, 205 Va. 65 (1964) (citation omitted).

In carefully reviewing all of the facts pled by the plaintiff, I find that the facts supporting the allegation of fraud have not been pleaded with the requisite particularity necessary to maintain the cause of action of fraud. In sustaining the Defendant's demurrer, I will grant the plaintiff leave to amend its motion for judgment, as provided by Rule 1:8 of the Supreme Court Rules.

The Supreme Court has provided some guidance on the particulars required in pleading fraud. *See Tuscarora v. B.V.A. Credit Corp.*, 218 Va. 849, 241 S.E.2d 778 (1978). The court in *Tuscarora* ruled that "these allegations lack the specificity required to make out a case of fraud. The identities of the agents, officers, and employees of BVA who are alleged to have perpetrated the fraud are not revealed, or the details of the time and place where the fraudulent acts occurred. The allegations are too vague, indefinite, and conclusory to state a cause of action." *Id.* at 858. Group Insurance has failed to provide sufficient details regarding the dates, time, or locations, or specific content of the misrepresentations.

Although the demurrer is sustained in favor of the defendant on the issue of fraud, the breach of contract claim remains.

## Punitive Damages

As both parties have conceded in their memoranda to the Court, the fraud allegation in the plaintiff's motion for judgment provides the basis for a claim for punitive damages. Since the Court has sustained the Defendant's demurrer to the fraud claim, the Court must necessarily sustain the Defendant's demurrer as to punitive damages, with leave to replead, if the plaintiff be so advised.

## Attorney's Fees

The plaintiff and defendant disagree as to whether or not attorney's fees are allowed in law cases involving fraud. The general rule states that "in the absence of a statutory or contractual provision to the contrary, attorney's fees are not recoverable by the prevailing litigant." *Gilmore v. Basic Industries*, 233 Va 485, 490, 357 S.E.2d 514, 517 (1987). The parties do not allege that there is a statutory or contractual provision for attorney's fees in this case; therefore, under the general rule the attorney's fees would not be recoverable. However, more recently the Virginia Supreme Court carved out an exception to the general rule and has allowed attorney's fees in some cases involving fraud. *See Prospect Devel. Co. v. Bershader*, 258 Va. 75, 515 S.E.2d 291 (1999). The Court in the *Bershader* case held that "in a fraud suit, a

chancellor, in the exercise of his discretion, may award attorney's fees to a defrauded party." *Id.* at 92. The *Bershader* Court does not provide any dicta as to whether their decision allowing attorney's fees in fraud cases in the equity court would also apply to a fraud case at law. However, Judge Weckstein commented on such a notion in *Anand v. Allison*, 55 Va. Cir. 261, 2001 Va. Cir. LEXIS 281 (City of Virginia Beach 2001). In the decision, the Court comments on the *Bershader* case and then states that "I will assume, doubtfully, that the trial judge in a law action in which fraud has been proven, has the same power to award attorney's fees as does the chancellor." *Anand* at 269. The Court then held that "in the exercise of its discretion, [the court] will not order [defendant] to pay fees to plaintiff's counsel." *Id.* Therefore, case law suggests that attorney's fees are allowed in a law case involving fraud. However, if the allegation of fraud is not sufficient to support a cause of action in this case, at this time, then attorney's fees are not allowed in a breach of contract action. The Supreme Court held in *Hiss v. Friedberg*, 201 Va. 572, 577, 112 S.E.2d 871 (1960), that "it is well settled . . . as a general rule, in the absence of any contractual or statutory liability therefor, attorney's fees and expenses incurred by the plaintiff in the litigation of his claim against the defendant, aside from the usual taxed court costs, are not recoverable as an item of damages in action *ex contractu*."

I must, consequently, sustain Defendant's demurrer, at this time, in regards to attorney's fees, with leave to replead.