# Shafer's Appeal.

1. The fact that usurious interest has been paid upon a judgment note after the entry of judgment thereon does not necessitate the opening of the judgment in order to afford just relief to the defendant. The payment amounts to an equitable payment on the judgment to the amount of the excess of interest, and the court may stay execution, as in the case of any other alleged payment, until the facts can be ascertained and the just amount be applied to the judgment.

2. A firm consisting of A., B. and C. held notes of D., upon which the latter had paid usurious interest. C. died, whereupon A. and B. formed a new partnership with E. This last-named firm was wholly separate and distinct from the former. Its formation was duly advertised and well known. Its books were new and separate, and it assumed none of the obligations of the old firm. D. then borrowed money from the new firm of A., B. and E. wherewith to pay the notes held by the old firm, and actually applied the money borrowed for that purpose. In order to secure said new firm he gave them a judgment note for the amount borrowed. Judgment being entered upon this note, D. moved to open the same in order to compel the application of the usurious interest paid to the old firm on account of the judgment. *Held* that the new note was a novation of the debt; that the defendant could not set up as against the new firm defences arising out of his transactions with the old one; and that, therefore, he was not entitled to the relief sought for.

November 23d 1881.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL from the Court of Common Pleas of *Crawford county :* Of October and November Term 1880, No. 312.

This was an appeal by David Shafer from an order refusing to open a judgment entered on a judgment note by virtue of a warrant of attorney to confess judgment, in favor of J. R. Dick & Co. against Henry Shafer, George Shafer and David Shafer.

The defendant, David Shafer, in his petition to open the judgment, averred that the note in question was the last renewal of a series of notes, on all of which interest in excess of six per cent. had been included; and prayed for an issue to determine what amount, if anything, is due upon said note in suit. A rule to show cause was granted, testimony was taken, and after argument the court, CHURCH, P. J., discharged the rule, filing the following opinion, which sets forth the facts developed by the testimony:

[Shafer's Appeal.]

"This is an application to open a judgment and let defendants into a defence to show payment of usurious interest thereon, and have the excess over the lawful rate applied upon the principal.

"The note upon which the judgment was entered is dated December 28th 1874, and is made payable to the firm of J. R. Dick & Co. At that time the members of that firm consisted of James R. Dick, Samuel B. Dick, and Sturgess T. Dick. For some time prior to February 7th 1874, the firm of J. R. Dick & Co. consisted of James R. Dick, J. M. Dick and S. B. Dick. On February 7th 1874, J. M. Dick died, and his death dissolved that partnership. A new copartnership was formed by the survivors J. R. and S. B. Dick which existed till July 1st 1874. On this last date a new copartnership was formed, under the firm name of J. R. Dick & Co., by James R., Samuel B. and Sturgess T. Dick, and was the one in existence December 28th 1874.

"On January 1st 1875, James R. Dick retired from the firm and died subsequently. There is no evidence of any transfer of this indebtedness on this note of defendants by the firm of James R., S. B. and S. T. Dick to any other or new firm, and the legal effect of the situation is that the judgment debt is now due and payable to S. B. Dick and S. T. Dick, survivors of J. R. Dick, who are partners doing business under the firm name of J. R. Dick & Co.

"If there was any indebtedness of the principal debtor here, Henry Shafer, to the firm of J. R. Dick & Co. prior February 7th 1874, it was to a firm composed of J. R. Dick, J. M. Dick and S. B. Dick; and when, on the last named day, J. M. Dick died, that firm was dissolved; if any new note was given, it was given not to renew any old debt but to borrow the money from the new firm to pay the debt of the old firm. The survivors of that old firm were, of course, the proper persons to settle up the old partnership business, and to settle with the personal representatives of the estate of J. M. Dick an account of the latter's interest in the effects, rights and credits of the firm of which he was a member. The transaction operated as a discharge and extinguishment of all former contracts or debts by way of a substitution of one debt for another. In the civil law this is called a " novation of the debt." It arises when a new contract is entered into with intent to dissolve a former engagement, or when a new debt is substituted for an old one. This novation takes place by the intervention of a new creditor, where a debtor, for the purpose of being discharged from liability to his original creditor, by the order of that creditor contracts a new obligation in favor of a new creditor: Pothier Obl. No. 549. It had all the elements of a novation of the debt, and hence was equivalent to the payment of any original debt, if any there was. By the civil law it was known as delegation by payment.

"It was assented to by the three parties, to wit: namely, by J. R. Dick and S. B. Dick, as survivors of the old firm; by J. R. Dick and S. B. Dick, as new creditors forming a new firm; by Henry Shaffer and others as debtors of the old firm becoming debtors of the new firm, and receiving the old notes turned in as paid and canceled. In this case, under the evidence, each firm kept a separate and distinct set of books and the debt was actually transferred in these books from one debtor to another debtor, and with the knowledge and consent of all parties. The debtor was bound to know the members of the firm of which he was the debtor, and with whom he contracts. The authority for these principles is to be found in the 5th edition of 1 Parsons on Contracts, p. 517, and 2 Ibid. p. 625.

"It follows, therefore, that there can be no defense, interposed to this debt, which has its origin prior to the death of J. M. Dick. . . . . As we are bound to treat the obligation given on December 28th 1874, as the novation of the debt theretofore due to the old firm, and where assets must necessarily be separately taken care of and administered, it follows that these present plaintiffs, S. B. Dick and S. T. Dick, surviving partners of J. R. Dick, and composing the firm of J. R. Dick & Co., as creditors of the defendants, have a right to recover their loan made at the last named date.

"If the defendants have paid any interest on this note in judgment since its maturity, at a greater rate than six per cent., they are entitled to have any such excess paid credited on the principal debt; they are also entitled to have deducted from the principal debt any discount they may have suffered from its date to its maturity over the lawful rate of six per cent.

"The rule to show cause why this judgment should not be opened to permit defendants to show usurious payment, &c., is discharged. The plaintiffs are only entitled to recover the real and true sum loaned by them to defendants, to pay the old debt due the firm of J. R. Dick & Co. as it existed prior to February 7th 1874, with interest thereon from the time of said loan, and the payments made by defendants to plaintiffs since that time are to be deducted therefrom, and from the principal thereof if there be any excess of payment over the largest interest accruing or accrued thereon.

"Rule discharged."

David Shafer took this appeal, assigning for error the refusal of the court to open the judgment.

*J. J. Henderson* (with him *F. P. Ray*), for the appellant. —It is not denied that usurious interest was paid on the loan all the time it was running. The debt was the same, the parties were the same. The change in the membership of the firm of

[Shafer's Appeal.]

J. R. Dick & Co., by the death of J. M. Dick, and the admission of S. T. Dick, did not affect the indebtedness to the firm of J. R. Dick & Co.   There is no evidence that a new loan was made December 28th 1874, but, on the contrary, it was proved that the note then given was merely an extension of the old debt.   No money was paid on the old note, and none was obtained on the renewal note.   There is no evidence showing that either party intended to create a new debt, or that the makers intended to enter into a contract with new parties.   A novation is never presumed, and there is nothing in the facts of this case to show that either of the parties thought of such a thing.   The case is within the familiar principle of Campbell *v.* Sloan, 12 P. F. Smith 481; Miller *v.* Irwin, 4 Norris 376, and Stephens *v.* Monongahela Bank, 7 Norris 158.

*H. L. Richmond,* for the appellees.

Mr. Justice MERCUR delivered the opinion of the court, January 2d 1882.

This is an appeal from the refusal of the court to open a judgment.   It was entered on a note, executed by the appellants for $4,000, dated December 28th 1874.   The note was given to J. R. Dick & Co., bankers.   The firm was composed of James R. Dick, Samuel B. Dick, and Sturges T. Dick.   Four days after the giving of the note, James R. retired from the firm, and subsequently died, and the judgment is now in the hands of the two surviving partners.

It is not shown that any usurious interest was paid on this note, before judgment was entered thereon.   If any such was afterwards paid, no necessity exists for opening the judgment to obtain just relief.   It is no cause for an attack on the validity of the original judgment.   It is merely an equitable payment thereon to the amount of the excess of interest paid.   The court may stay execution for the sum thus claimed, as in case of any alleged payment, until the facts can be ascertained, and the just amount be applied on the judgment.   The order made by the court, when it discharged the rule to open the judgment, clearly provides for ascertaining the amount legally due thereon.

Prior to the formation of the firm, to which the note in question was given, other persons had been banking in the name of J. R. Dick & Co.   The appellants had been indebted to those persons and paid them usurious interest.   The attempt was to compel the application of that interest on this note.   It was to charge Sturges T. Dick with a liability he never incurred, and a responsibility he never assumed.   He was not a member of either firm, when such excess of interest was either charged or paid.   The last firm was wholly separate and distinct from the

former. Its formation was duly advertised and well known. New and separate books were opened. It assumed none of the obligations of the preceding firms. The firm of which Sturges is a member, discounted the present note, and paid the money or its equivalent therefor. The learned judge found as a fact, and on sufficient evidence, that this note was not given to renew any old debt; but to borrow money from the new firm to pay a debt due the old firm. This was the creation of a debt to a new firm, to cancel a debt due to another firm. It was therefore a novation. It is unimportant that some of the persons in the earlier firm were also members of the last firm. This note was given with an intent, and for the purpose, of fully paying and discharging the debt due to the firm, of which Sturges was not a member, and to substitute an indebtedness to the firm of which he was a member. In furtherance thereof, all the other notes were given up and canceled, and a new note given to a new firm. The learned judge correctly held that this alleged equity of the appellants could not be invoked to the prejudice of Sturges. A contract, made under the facts shown, cannot be successfully attacked in the manner proposed.

Decree affirmed, and appeal dismissed at the costs of the appellants.