# CHARLESTON

## CHENOWETH v. NATIONAL BUILDING ASSOCIATION.

Submitted February 27, 1906. Decided April 24, 1906.

1. USURY—*Personal Plea.*
    The defense of usury is personal to the debtor. (p. 656.)

2. USURY—*Assumption of Payment.*
    A purchaser of real estate charged with an usurious debt, who assumes to pay such debt in consideration of his purchase, cannot defend against the usury. (p. 656.)

3. NOVATION.
    Novation is the substitution of one debtor by mutual agreement for another, whereby the old debt is extinguished. (p. 657.)

Appeal from Circuit Court, Randolph County.

Action by L. D. & Florida Chenoweth against the National Building Association of Baltimore City. Decree for plaintiffs and the National Building Association appeals.

*Reversed. Bill Dismissed.*

L. H. KEENAN and FRED O. BLUE, for appellant.
JAMES A. BENT, for appellees.

SANDERS, JUDGE:

On the 14th day of April, 1896, the National Building Association of Baltimore, Md., advanced to Ida B. Nestor the sum of $520.00 on thirteen shares of its capital stock at that time owned by her, and she agreed to pay to the Association, on the 15th of each and every month, as dues, sixty cents for each of said shares, and also all fines and other charges properly chargeable thereto, until the shares matured and became of the par value of $100 each, and to secure the payment of the same she and her husband conveyed to L. H. Keenan, trustee, a lot in the town of Elkins.

On the 15th day of July, 1896, Ida B. Nestor and husband conveyed the said lot, with covenants of general warranty, to L. D. and Florida Chenoweth, and Ida B. Nestor assigned to the Chenoweths her stock in the Association, and at December rules, 1902, of the circuit court of Barbour county, the grantees in the last named deed filed their bill against the Association and L. H. Keenan, trustee, alleging that the contract was usurious, that they had made payments thereon, which, together with a tender made by them, were more than sufficient to pay off the debt. The Association demurred, and also filed its answer to the bill, denying the usury, and the cause was referred to a commissioner to take and state an account between the parties, and to report upon the same in two aspects, the first as claimed by the Association, and the second, treating the loan made by the Association to the plaintiffs as a loan made at six per cent. interest and the several payments made by the plaintiffs thereon under whatever name or designation as partial payments paid upon said loan. The commissioner reported the sums due under each theory of the case, and recommended that the sum reported by him as due when treating the transaction as a loan at six per cent. interest, be accepted as the basis of settlement. The court accepted the recommendation of the commissioners, and at the final hearing entered a decree in accordance therewith, and the Association appeals.

It is not contended that the provision of the contract by which Ida B. Nestor agreed to pay the dues and fines assessed against the stock in accordance with the charter and by-laws of the appellant until said shares should mature, is anything other than a device or scheme adopted for the purpose of

evading the usury laws.   Still, for the decision of this case it is entirely unnecessary for us to so decide, neither do we think it necessary to decide the point raised by the appellant that granting the contract usurious at the time it was entered into, it was purged of its usuary by the action taken at a meeting of appellant's stockholders in January, 1901, by which it was determined that under no circumstances should any stockholder be called upon to pay more than one hundred installments upon his stock.   It may be well to remark, in passing, however, that the question as to whether or not the manner of payment can be changed after the time of making the contract, so as to make the payments definite and certain, and thereby relieve the contract of the taint of usury, is discussed in *Harper* v. *Building Asso.*, 55 W. Va. 149.   There it did not appear that the by-laws copied into the record were those under which the contract was made, they having been amended some time after the making of the contract, and as so amended, exhibited with the answer.   The Court, in its opinion in that case, says:   "As they are not the by-laws under which the loan was made, we are without evidence of the character of the by-laws under which it was made.   On that question, the record is silent, and the only evidence concerning the nature of the premiums is found in the deed of trust and the contract, and the provisions respecting it found there clearly indicate that the premium was a fixed sum to be paid monthly for an indefinite period of time, namely, until the stock should mature."

But the question we have to determine is, whether or not the appellees, as between themselves and the appellant, are in a position to plead the usury, if such there be, in the contract between the appellant and Ida B. Nestor.   The deed from the Nestors to the appellees provided that the latter were to assume the payment of the amount granted on the property by the appellant, and a vendor's lien was retained to secure said sum.   This was a part of the consideration for the purchase of the property.   The appellant contends that Ida B. Nestor, being the original subscriber, and the shares of stock held by her having been transferred to the appellees, that she was a necessary party to the suit, and that the appellees cannot plead usury without her consent appearing in the record, such defense being personal to the debtor.   The

case of *Harper* v. *Building Asso.*, *supra*, is relied upon to support this position. In that case the land upon which a deed of trust had been given to secure a debt to the Association was twice conveyed, and Mrs. Lawrence, to whom the loan was originally made, as well as her immediate grantee, Sallie A. Harper, filed their separate answers, averring an assignment of the usury to the plaintiff, and praying the usury be expunged from the debt and decreed to him. This, it was held, undoubtedly gave the plaintiff the right to have the usury eliminated from the debt. The Court said, "By this, Mrs. Lawrence, the original debtor, was benefited, for in the event of a deficiency, she would have been liable to the building association for the balance due." *Stephens* v. *Muir*, 8 Ind. 352, 65 Am. Dec. 764, is authority for the position that the vendee may plead usury, with the consent of the party who made the contract, it being there held: "Usury, it seems, may be set up by the vendee of real estate subject to the usurious mortgage, with consent of the party who made the usurious contract and who was to suffer by it; and if such person be made a party to the action, he may urge usury as a ground of equitable relief to himself."

Ida B. Nestor, with whom the contract by the appellant was originally made, not being a party to this suit, and it nowhere appearing in the record that she consents that the usury be expunged, the question is, have the appellees the independent right to plead usury? They are not parties to the loan, but purchased the premises upon which the deed of trust had been given, and assumed and agreed to pay the debt. By a long line of decisions in Virginia and this State, it is held that the plea of usury is a defense personal to the debtor, and so the purchaser of land subject to a previous lien cannot object that the lien is usurious, but is bound to discharge the lien, as a part of the purchase price of the land. *Spengler* v. *Snapp*, 5 Leigh 478; *Crenshaw's Admr.* v. *Clark*, 5 Leigh 65. "One who purchases land that is under a deed of trust for a usurious debt cannot set up the usury against that debt." *Smith* v. *McMillan*, 45 W. Va. 577; *Lee* v. *Feamster*, 21 W. Va. 108; *Snyder* v. *Construction Co.*, 52 W. Va. 655; *Harper* v. *Building Asso.*, *supra*. Having agreed to pay the debt of the appellant, as it stood, to allow the appellees to take the benefit of the usury would be giving

them the property for a less amount that they agreed to pay. One standing in the relation of purchaser of mortgaged property cannot have the mortgage debt reduced for usury; the plea of usury is personal to those bound upon the borrowing contract." *Enslava* v. *Building Asso.*, 121 Ala. 480.

Ida B. Nestor will be presumed to have waived the usury in the contract, inasmuch as her consent that it be expunged does not appear in the record. "Where land subject to an usurious deed of trust is conveyed to a grantee, who assumes the payment of the debt named therein as a part of the consideration for the conveyance, he cannot set up the usury as a defense to a sale under the deed of trust. He has received a consideration for his undertaking to pay the debt, and will not be permitted to get rid of its payment by relying upon a defense which is personal to the original debtor, and which he has waived." *Dickenson* v. *Loan Co.*, 93 Va. 498. Citing *Michie* v. *Johnson*, 21 Grat. 334; *Christain & Gunn* v. *Worthan*, 78 Va. 100.

It is insisted on behalf of the appellees that inasmuch as they became responsible for the debt of Ida B. Nestor to the appellant, by consent of all the parties, that they thereby became new parties to the contract by novation. There is nothing in the record to show that the appellant released Ida B. Nestor, or that the appellees were recognized by the appellant as liable for the debt, further than after the transfer of the stock an account was opened with them on the books of appellant. "Novation requires the creation of new contractural relations as well as the extinguishment of old. There must be a consent of all the parties to a substitution, resulting in the extinguishment of the old obligation and the creation of a valid new one." *Izzo* v. *Ludington*, 79 N. Y. Supp. 744; *Crosby* v. *Jerolman*, 37 Ind. 264; *Appeal of Shafer*, 99 Pa. 246; *Wallace* v. *Axtell*, 5 Col. App. 432. "The original agreement of which novation is sought must be absolutely extinguished, and the new agreement substituted for it." 16 Am. & Eng. Ency. Law, (1st Ed.), 864. "The agreement of a purchaser of real estate to pay a debt evidence by a promissory note and secured by a mortgage, as a part of the purchase price, even where the payee subsequently agrees to accept the purchaser as the payor and re-

lease the maker, does not constitute a novation." *Kelso* v. *Fleming*, 104 Ind. 180. "A novation is never presumed, but must be established by the full discharge of the original debt by the express terms of the agreement or the acts of the parties, whose intention must be clear." *Henry* v. *Nobert*, (Tenn.), 35 S. W. 444; *McCartney* v. *Kipp*, 171 Pa. 644. So, we cannot say that the facts presented bear out the contention that there was a novation of the contract. And, again the appellees assumed to pay the debt. The payment of this debt was the consideration for the land conveyed to them. What difference to them whether the debt be usurious or not? They must pay the sum agreed to be paid by them for the land.

Holding as we do, it is unnecessary to go into the question as to whether or not the tender claimed to have been made by the appellees is such a tender as is contemplated by law.

The decree of the circuit court is reversed, and the plaintiff's bill dismissed.

*Reversed.*