# CHARLESTON.

## BASSETT v. STREIGHT *et als.*

Submitted April 25, 1916.    Decided May 2, 1916.

1. SUBROGATION—*Nature of Right.*

The doctrine of subrogation is that one who has the right to pay and does pay a debt which ought to have been paid by another, is entitled to exercise all the remedies which the creditor possessed against that other. (p. 265).

2. SAME—*Principal and Surety—Right of Principal.*

A surety, on the payment by him of a judgment constituting a lien on the property of his principal, is entitled in equity, without an assignment thereof, to be subrogated to the rights, powers and remedies of the judgment creditor, for the enforcement of the lien against property of the principal debtor for his own benefit. (p. 265).

3. VENDOR AND PURCHASER—*Rights of Purchaser—Notice of Prior Lien.*

A purchaser of property with notice of a right in a surety to charge the same by way of subrogation, takes it subject to such equitable right, and such notice may be actual or constructive. (p. 265).

4. EQUITY—*Reference—Necessity.*

Where there is a judgment against three persons jointly, and one of them is surety for the other two, and the surety pays the judgment in whole or in part, he is entitled to be subrogated to the rights of the judgment creditor against the principal debtors for so much of the judgment as he paid; and where one of the judgment debtors is the owner of real estate at the time of the rendition of the judgment, and aliens the real estate after the judgment is properly recorded, and a suit in chancery is brought by the surety seeking to be subrogated to the remedies of the judgment creditor, for so much of the judgment as he paid, and to charge the land in the hands of the purchaser, with the judgment, or so much of it as he has paid, and there is no controversy as to

the amount of the judgment, or the amount paid by the surety, or that he was surety for the other two judgment debtors, and it does not appear that there are any other liens upon said land, it is not necessary to refer the cause to a commissioner to ascertain the liens, before entering a decree setting aside the deed conveying the real estate as to this judgment only, and charging the real estate in the hands of the purchaser with the judgment.  (p. 265).

Appeal from Circuit Court, Wetzel County.

Action by Aaron Bassett, who sues, etc., against Charles G. Streight and others. From the judgment, defendant C. A. Long appeals.

*Affirmed.*

*Thayer M. McIntire,* for appellant.

*Thos. H.. Cornett,* for appellee.

MASON, JUDGE:

On the 2nd day of July, 1907, the Bank of Pine Grove obtained a judgment before a justice of the peace of Wetzel County for $117.69, with interest and costs, against C. G. Streight and M. L. Streight, and Aaron Bassett. An execution was issued against them, and on October 26, 1907, the execution was returned satisfied. The justice's docket shows that Bassett paid $103.00, October 26, 1907, Chas. G. Streight paid $15.00, and Mrs. Streight paid $10.00. An abstract of the judgment was recorded in the judgment lien docket in the office of the clerk of the County Court of Wetzel County, W. Va. It appears that at the time of the rendition of the said judgment and for several years afterward, M. L. Streight was the owner of some lots of ground in the village of Pine Grove, in said county. These lots were conveyed to Mrs. Streight by the defendant C. A. Long, by deed dated March 2, 1906, by her name of Mrs. C. G. Streight; and on the 6th day of June, 1912, Mrs. Streight, as Mrs. C. G. Streight, and her husband, conveyed these lots in trust to T. M. McIntire, Trustee, to secure the payment of $150.00 to E. E. McIntire; and said trustee executed said trust by making sale of the lots to defendant C. Amos Long, on the 23rd day of July, 1913.

This suit was commenced in September, 1913, by Aaron

Bassett, plaintiff, against Chas. G. Streight, Mary L. Streight, C. Amos Long, the Bank of Pine Grove, T. M. McIntire, Trustee, and E. E. McIntire, defendants. The plaintiff avers in his bill that the judgment rendered by the said justice of the peace of Wetzel County against him and C. G. Streight and M. L. Streight, was upon a note in which he was accommodation endorser, endorsed by him as surety for Chas. G. Streight and Mary L. Streight; that this note was delivered to the Bank of Pine Grove; that he received no part of the consideration of said note, but that the same was paid to Chas. G. and Mary L. Streight; and that he endorsed the note, and became surety for Chas. G. and Mary L. Streight as principal makers. He further says that an execution was issued on the judgment, and in order to protect his property from sale he was forced to pay and did pay $103.00, and some small sums in addition. Plaintiff then states that the lots were owned by said Mary L. Streight at the time of the rendition of the judgment; that she conveyed the same to T. M. McIntire, Trustee, and that they were sold by the trustee; and avers that the said judgment is a lien on the said lots; and says that he is entitled to be subrogated to all the rights of the Bank of Pine Grove, to said judgment and lien on the same, for so much of said judgment as was paid by him; and prays that the court will decree that he be subrogated to all the rights and benefits of said judgment and the lien thereof, or to so much thereof as he was forced to and did pay; and asks that the said deed of trust and sale thereunder be set aside, but in so far only as plaintiff's right is concerned; and that the said real estate be sold to pay the liens thereon. The bill also alleges that the land will not rent for enough in five years to pay the judgment.

The defendants Long, T. M. McIntire, Trustee, and E. E. McIntire appeared and demurred to the bill. The court sustained the demurrer as to T. M. and E. E. McIntire, and dismissed the bill as to them; and overruled it as to Long, who filed an answer. The bill was taken for confessed as to the other defendants. The defendant Long assigns the following reasons for his demurrer:

First; Because it is a creditor's bill to enforce a judgment,

and it is imperative that before the creditors may resort to equity there must have been issued an execution and returned "no property," except where no execution issued within two years. This objection is not well taken. In this case there was an execution, and money paid. Bassett, one of the execution debtors, paid most of the debt, and alleges that he paid it as surety for the others, and now seeks in equity to enforce the lien against his principals. There could be no further execution on this judgment.

Second; Counsel for Long also insists that the bill is demurrable because it does not contain sufficient allegations to charge the real estate in his hands, and because the exhibits do not constitute constructive notice of any rights of subrogation in Bassett. "A purchaser of property, with notice of a right in a surety to charge the same, by way of subrogation, takes it subject to such equitable right." *George* v. *Crim,* 66 W. Va. 421. This notice may be actual or constructive.

While the abstract of the judgment does not show that Bassett claimed the right to be subrogated to the rights of the judgment creditor against the defendant Mary L. Streight, and such abstracts never do show this, yet it does show that there was a judgment against her. The note upon which the judgment was obtained being negotiable, suit was brought against the payees as well as against the maker of the note. The judgment was recorded in the office of the clerk of the county court of Wetzel County, and the record does not show that it has been paid. In fact the record would show a judgment unpaid. It may be said that upon inquiry of the justice of the peace, or by an examination of the justice's docket, Long would have found that the judgment had been paid, but inquiry would also have developed the fact that $103.00 was paid by Bassett, and by further inquiry he would have found that Bassett claimed to have paid as surety for C. G. Streight and Mary L. Streight, and claimed the right to be subrogated to the rights of the judgment creditor, as alleged in the bill. But Long made no inquiry. He simply saw the record of the judgment in the clerk's office. When Long bought, he had notice of the judgment lien, and presumably considered it in the price paid for the property. It

can make no difference to him whether the judgment be enforced by the judgment creditor or by Bassett, who is subrogated to the rights of the bank. As between the judgment creditor (the bank) and the judgment debtors the debt may be extinguished, but as between the persons who paid the debt and the persons who should have paid it, the debt is kept alive so far as is necessary to preserve and protect the persons who paid under such circumstances. In order to afford adequate relief to one who "has been compelled to pay the debt of another, equity, so far as it can be done without just ground of complaint on the part of others, substitutes him to all the rights and remedies of the creditor against such debtor. This doctrine of subrogation has been applied freely in this state, and to its full extent, upon the general principles of equity, without the aid of any statute; and, having taken this correct view in the beginning, there has so far never been any need of any statute to correct any mis-step in improper restraint of its application, upon the supposition that a debt once paid must thereafter be treated as non-existent under all circumstances, and to all intents and for all purposes." "The doctrine is eminently calculated to do exact justice between persons who are bound for the performance of the same duty or obligation." "It springs naturally out of the two equities of contribution and exoneration, and is in fact one of the means by which those equities are enforced." See *Hawker* v. *Moore,* 40 W. Va. pp. 50 and 51, and authorities there cited. "The doctrine of subrogation, being the creation of courts of equity, is so administered as to secure essential justice, without regard to form, and is independent of any contractual relation between the parties to be affected by it." *McNeil* v. *Miller,* 29 W. Va. 480. "The doctrine of subrogation is that one who has the right to pay and does pay a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against the other." *Blair* v. *Mounts,* 41 W. Va. 706. "A surety, on the payment by him of a judgment constituting a lien on the property of his principal, is entitled in equity, without any assignment thereof, to be subrogated to all the rights, powers, and remedies of the judgment creditor, for the enforcement

of the lien against property of the principal debtor for his own benefit." *George* v. *Crim*, 66 W. Va. 421.

Defendant Long points out other supposed defects in the bill which will be noted in connection with the evidence. We are of opinion that the bill is sufficient.

Long answered the bill, saying that he is not advised as to the allegations of the bill in regard to the relations of the parties against whom the judgment was rendered. He concedes that it may be true that the judgment was recorded, as alleged, but that he had no notice at the time, and did not know that Bassett claimed the right to subrogation as surety; that he may have observed the record of said judgment, but that he did not know or have any intimation that M. L. Streight and Mrs. C. G. Streight were one and the same person, or that the judgment pertained to the grantor in the deed of trust, and alleges that he purchased the lots in good faith for a valuable consideration without notice of the equities alleged in the bill.

Depositions were taken on the part of the plaintiff, and defendent Long. A copy of the abstract recorded in the county clerk's office, together with a full transcript from the justice's office are filed. The transcript from the justice's docket shows that the note upon which the judgment was rendered was made by C. G. Streight in favor of M. L. Streight and Aaron Bassett; that it was negotiable, endorsed by M. L. Streight and Aaron Bassett and transferred to the Bank of Pine Grove, and protested for non-payment; that an execution was issued on the judgment; and that C. G. Streight paid $15.00, M. L. Streight paid $10.00, and Aaron Bassett paid $103.00. The execution was returned satisfied. The plaintiff testified that he signed the note as surety for Mr. and Mrs. Streight; that he did not receive "any part of the amount of said note;" that he paid $103.00 about October 26, 1907; and that no part of that amount has been paid him.

It is in evidence that these lots were conveyed to Mrs. Streight by the defendant Long on the 2nd day of March, 1906, by her name of Mrs. C. G. Streight; that in consideration of said conveyance, Mr. and Mrs. C. G. Streight conveyed a parcel of land to the defendant Long by deed dated Febru-

ary 24, 1906; and that this deed is signed by her in the name
of Mary L. Streight. It is argued that thereby the said Long
must have known that Mrs. C. G. Streight and Mary L.
Streight were one and the same person. This would seem to
be a very strong presumption against Long's allegation that
he did not know that they were the same person. It was
sufficient at least to put him on inquiry. They lived only
about five miles from each other. The defendant in his depo-
sition says that he did not know her, did not know that her
real name was Mary L. Streight.

The circuit court held that the said judgment was a lien
on the lots; that the plaintiff was forced to pay and did pay
the sum of $103.00; and decreed that the plaintiff be subro-
gated to the lien of said judgment paid by him, against the
said real estate and to all of the rights of the Bank of Pine
Grove therein, and decreed that the sale made by the trustee
McIntire to Long be set aside in so far as the sum of $103.00
and interest thereon is concerned, and the costs of the suit,
and decreed that unless the recovery in favor of plaintiff be
paid within thirty days, the said real estate or so much thereof
as may be necessary to pay the same be sold by a commission-
er of the court to sell the same, etc.

It is insisted by counsel for defendant Long that it was
error for the court to enter a decree for the sale of this prop-
erty without first referring the cause to a commissioner to
ascertain the property, its value, and the liens thereon. This
is not a creditor's bill, requiring reference to a commissioner
by the statute. The land had been sold from the judgment
debtor, the title had passed from her, and the court was asked
to set aside the sale made by the trustee only to the extent of
plaintiff's judgment, and charge the land with plaintiff's de-
mand. There was no controversy as to the amount of the
judgment, or as to the amount paid by the plaintiff, or that
he paid as surety, and nothing appearing to indicate that
there were other liens. The defendant Long does not deny
any of these things. All that he says is that he had no knowl-
edge of them. The only question before the circuit court was
as to the right of the plaintiff to charge these lots in the hands

of Long with this judgment. Nothing would be accomplished by referring the cause to a commissioner.

There is no merit in defendant Long's contention that no execution was issued within two years and returned unsatisfied. An execution was issued and returned satisfied. But it is alleged that it was paid in part by plaintiff, and that he paid as surety and is entitled to subrogation, entitling him to relief in equity. No other execution could have issued on that judgment in favor of any one. Under section 138, chapter 50 of the Code, when there is a judgment against a principal and surety, and such suretyship appear to the satisfaction of the justice, he shall note the same in his docket, and on the execution asked, the personal property of the principal debtor subject to execution shall be first sold, unless the surety direct otherwise. But this need not be done. The statute is intended as a protection for the surety, when he thinks it necessary to avail himself of it. In the case at bar, the surety was compelled to pay a large part of it.

The circuit court, reviewing all the evidence in the case, found in substance that under the facts proven this judgment was a subsisting lien on the lots of ground referred to, that the judgment was paid by plaintiff as surety, that the plaintiff as surety should be subrogated to the rights of the original judgment creditor, and that the said judgment was a lien upon the said lots of ground in the hands of the defendant Long. The court could readily ascertain the amount paid. This court would not be justified in reversing a decree entered by the circuit court under such circumstances.

We affirm the decree.

*Affirmed.*