# CHARLESTON.

IRELAND JAMES *v.* HARRY LAWSON *et al.*

(No. 5706)

Submitted February 1, 1927.   Decided February 8, 1927.

1.  MORTGAGES—VENDOR AND PURCHASER—*Generally, As Between Third Parties, Mortgage or Deed of Trust Should Define Extent of Incumbrance With Reasonable Certainty; Mortgage or Deed of Trust, Indicating Sources of Information by Reference to Which Exact Terms and Extent of Incumbrance May be Ascertained, is Sufficient; Recorded Deed of Trust Held Sufficient to Put Purchaser on Constructive Notice of Rights by Way of Subrogation.*

Generally, as between third parties, a mortgage or deed of trust should define the extent of the incumbrance with such reasonable certainty as to preclude the parties to the transaction from substituting debts other than those described therein; but it is sufficient if it indicates sources of information by reference to which the exact terms and extent of the incumbrance may be ascertained.  (p. 166).

(Mortgages, 41 C. J. §§ 71, 148, 514; Vendor and Purchaser, 39 Cyc. p. 1729.)

2.  VENDOR AND PURCHASER—*Bona Fide Purchaser Must Look to Every Part of Title Neglecting no Source of Information Which Common Prudence Suggests.*

    To be entitled to protection as a *bona fide* purchaser without notice, a party must look to every part of the title he is purchasing, neglecting no source of information respecting it which common prudence suggests.   (p. 167).

    (Vendor and Purchaser, 39 Cyc. pp. 1703, 1705.)

3.  MORTGAGES—*Beneficiary of Deed of Trust May Show That it Was Intended to Secure Loan From Him to Grantor Made on Note of Which He Was Payee and Indorser.*

    Where a deed of trust is conditioned to secure the beneficiary named therein as indorser on a note of the grantor for a sum named, when the same becomes due, the beneficiary of the trust may by competent evidence show that the deed was intended by the parties to secure a loan from him to the grantor made on the note described therein, after the grantor was unable to secure the money from other parties, as first contemplated, by negotiating the note, which was made payable to and indorsed by the beneficiary.   (p. 168).

    (Mortgages, 41 C. J. § 347.)

4.  PLEADING—*"General Replication" to Answer Puts in Issue Truth of Facts Alleged and Calls on Defendant for Proof Thereof.*

    A general replication to an answer puts in issue the truth of the facts alleged, and calls on the defendant for proof thereof.   (p. 169).

    (Pleading, 31 Cyc. p. 251.)

    (NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Mingo County.

Suit by Ireland James against Harry Lawson and others for an injunction.  From a decree dismissing plaintiff's bill, he appeals.

*Reversed and remanded.*

*Chlide Nelms* and *Goodykoontz & Slaven,* for appellant.
*George W. Crawford,* for appellees.

MILLER, JUDGE:

By his bill in equity the plaintiff sought to enjoin the defendants Harry Lawson, Ella M. Lawson, and George W.

Crawford, Trustee, from selling under a deed of trust two certain town lots, which he claimed to have purchased from the heirs at law of the grantor in the deed of trust.

The bill alleges that plaintiff purchased from the heirs at law of Ed. M. Allen, who died in 1918, the lots in controversy, by two deeds, dated respectively February 26, 1925, and March 11, 1925, subject to the dower rights of the widow of said Allen; that soon thereafter he learned that the defendant Ella M. Lawson had purchased at a sheriff's sale the same lots, sold for the non-payment of taxes thereon; that he redeemed said property by paying to said Ella M. Lawson the purchase price paid by her, with interest; that while the said Ella M. Lawson was attempting to obtain title to the property, she had informed and advised the Allen heirs, all non-residents of the state, that all taxes on the property had been paid or were being paid, and that their interests as owners thereof were in no danger; that the said Ella M. Lawson, realizing that she would be unable to obtain title to the property by means of a tax deed, for the first time asserted that the title to the property was subject to a lien for the sum of $2,800.00, with interest from September 8, 1913, loaned to Allen by Harry Lawson, and secured by a deed of trust of record in the office of the clerk of the county court; that upon being so informed the plaintiff found of record in the clerk's office, a deed of trust, dated May 8, 1913, and recorded March 18, 1922, made by Ed. M. Allen to W. O. Porter, Trustee, conveying said lots, "to secure Harry Lawson, who has this day endorsed for an accommodation the note of said Ed. M. Allen, for the sum of $2800.00 negotiable and payable four months after date thereof, in the payment of said note, when the same becomes due and to save the said endorsers in any and all renewals of said note, if any renewals there be." And it is further alleged that, "the note described in the said purported deed of trust is not, nor is any renewal thereof, in the possession of or owned by either the said Ella M. Lawson or the said Harry Lawson, that no such note or renewal thereof now exists, and that the said note described in the said purported deed of trust was paid and satisfied long since by the

said Ed. M. Allen in his life time, and that at the time of his death the said deed of trust was no longer in force and effect and should never have been recorded."

With the bill was exhibited the two deeds from the heirs of Ed. M. Allen to plaintiff, and the certified copy of the deed of trust in controversy.

By their joint and several answer and amended and supplemental answer, the defendants deny that either of them at any time represented to the heirs of Ed. M. Allen that "the taxes on the said real estate were being paid, and further deny that any of the defendants in this cause ever attempted to obtain title to said property by any fraudulent, unfair or improper means." And it is denied that the note secured by the deed of trust is not in the possession of the defendant Harry M. Lawson or Ella M. Lawson, and that the said note was ever paid or satisfied by any person, either in whole or in part. The answer alleges that Ed. M. Allen, in the year 1913, requested the defendant Harry Lawson to assist him in obtaining the sum of $2,800.00, which the latter agreed to do; that in pursuance of such agreement the deed of trust and note in question were executed, it being the intention of the parties at first that Lawson should indorse a note for the accommodation of Allen, but that later, it was decided that Lawson should loan Allen the money, when the latter failed to obtain it on the note; and that the note exhibited with the answer is in all respects the same note secured by the deed of trust, and that the same is due, owing and unpaid in its entirety, both principal and interest. The note exhibited with the answer is as follows: "$2800.00 Due. Williamson, W. Va. March 16, 1913. Four months after date I promise to pay to the order of Harry Lawson Twenty-eight Hundred Dollars at the First National Bank of Williamson, Williamson, W. Va. Without defalcation, for value received." This note is signed by Ed. M. Allen, and indorsed on the back: "Harry Lawson."

On motion of defendants, not resisted by plaintiff, the cause was submitted for hearing on the bill, answers, the exhibits filed therewith, and plaintiff's general replication to

each of the answers. Upon a final hearing the court dissolved the temporary injunction theretofore awarded, and dismissed plaintiff's bill.

The charges of fraud in the bill are fully answered and denied, and no proof was taken on this question.

Plaintiff rests his claim for relief on the alleged variance between the terms of the deed of trust and defendants' explanation in their answer of the nature of the debt secured thereby. And it is asserted that the matters set up in the answer being by way of confession and avoidance or in an attempt to vary the terms of the written deed of trust, where a general replication has been interposed, must be proved, if provable at all, by competent evidence.

Defendants by their answer deny the charges in the bill that they are not in possession of the note secured by the deed of trust, and that the debt originally secured by that deed has been paid off and satisfied. The note exhibited with and described in the answer corresponds in every way with the description of the debt mentioned in the deed of trust. It is true the answer, in explanation of the defendant Harry Lawson's claim under the deed, alleges that he loaned the $2,800.00 to Allen, when the latter failed to secure it on his indorsement; but it is also made clearly to appear that the debt evidenced by the note is the one named in the deed of trust. While the deed bears a later date than the note, the amount of the debt, and the maturity are the same. With the exception of the manner in which the money passed from Lawson to Allen, the answer fully and fairly negatives every material allegation of the bill.

It is true that generally, as between third parties, the character of the debt and the extent of the incumbrance should be defined with such reasonable certainty as to preclude the parties to the transaction from substituting other debts than those described on the deed or mortgage, thereby making the instrument a mere cover for the perpetration of fraud upon creditors; but it is sufficient if it indicates sources of information by reference to which the exact terms and extent of the incumbrances may be ascertained. 19 R. C. L. 284;

*Holley* v. *Curry,* 58 W. Va. 70, 112 A. S. R. 944. But here it is claimed that there is no ambiguity or uncertainty in the recital in the deed of trust describing the nature of the obligation secured.

The deed of trust had been on record almost three years when plaintiff purchased the property. Of what then was he required to take notice? A purchaser with notice of right in a surety to charge the property by way of subrogation, takes it subject to such equitable right, and such notice may be actual or constructive. *George* v. *Crim,* 66 W. Va. 421; *Bassett* v. *Streight,* 78 W. Va. 262. And we have held that a deed absolute on its face may be shown to be a mortgage though the land has passed into the hands of an innocent purchaser who had notice of the character of the original transaction. *Lawrence* v. *Du Bois,* 16 W. Va. 443; *Zane* v. *Fink,* 18 W. Va. 693. In *Pocahontas Tanning Co.* v. *St. Lawrence Boom Co.,* 63 W. Va. 685, it was held: "A party is not entitled to protection as a *bona fide* purchaser without notice, unless he looks to every part of the title he is purchasing, neglecting no source of information respecting it which common prudence suggests." The opinion in that case quotes approvingly from the Virginia case of *Burwell's Adm'rs.* v. *Fauber et al.,* 21 Gratt. 446, where it is said that a purchaser "must take care, and make due inquiries, or he may not be a bona fide purchaser. He is bound, not only by actual, but also by constructive notice, which is the same in its effect as actual notice. He must look to the title papers under which he buys, and he is charged with notice of all the facts appearing upon their face, or to the knowledge of which anything there appearing will conduct him. He has no right to shut his eyes to the inlet of information, and then say he is a bona fide purchaser without notice." See cases cited in note to this case, Va. Rep. Anno. p. 875; also *Long* v. *Weller's Ex'rs.,* 29 Gratt. 347; *Wood et al.* v. *Krebbs et al.,* 30 Gratt. 708; *Cardova* v. *Hood,* 17 Wall. 1; *Brush* v. *Ware,* 15 Peters, 93; *Crumlish* v. *Railroad Co.,* 32 W. Va. 244; *Fouse* v. *Gilfillan,* 45 W. Va. 213; *Clark* v. *Lambert,* 55 W. Va. 512; *Coal Company* v. *Doran,* 142 U. S. 473.

The bill on its face shows that plaintiff only learned of the deed of trust after he purchased the property, and that it had been on record three years before the time he purchased. The recorded instrument put him on notice that the property was encumbered. If he had searched the record, as it was his duty to do, inquiry of the only living party to the deed, the beneficiary named thereon, would have disclosed the fact now relied on by defendants so sustain their claim, unless Lawson should have misinformed him. He purchased the property without any attempt to ascertain the title he was getting. The recorded deed of trust put him on constructive notice of Lawson's rights by way of subrogation; but he made no inquiry. If Lawson had been required or requested to pay the note in the hands of a third party, there would be no question as to his right to subrogation. The deed of trust was to secure a debt, the amount and maturity date of which was described therein. The plaintiff was under a duty to ascertain whether or not the debt had been paid; and there can be no doubt that an honest effort to ascertain the extent of the lien on the property would have disclosed the fact that Lawson was claiming under the note exhibited and relied on in this case, as evidence of an original loan to Allen.

Plaintiff's counsel cite us to no authority to sustain the proposition advanced. A careful examination of texts and encyclopedic digests cite us to one case holding that: ''A mortgage made to secure one from all liability which he may incur by reason of his becoming surety or endorser on the notes of the mortgagor does not secure notes given to the mortgagor for money lent by him and received as evidence of such loan.'' *Clark* v. *Oman et al.*, 15 Gray 521. There the condition of the mortgage was to ''indemnify and save harmless the said Samuel Clark for his signing or indorsing any notes that he may hereafter sign or indorse, for the said Bradford & Benjamin as partners, by the name of Couch & Clark, and for all loss, cost, trouble or expense from any liability he may incur or be under as surety, as acceptor or indorser for said Couch & Clark.'' The note in question was one given by Couch & Clark, payable to the plaintiff Clark,

and not discounted. Here the deed of trust specifically describes the debt secured, and does not cover indorsements generally. In view of the other cases cited above, we are not inclined to follow the holding of the Massachusetts court. In the opinion in that case no authority is cited, and no reasons are given for the conclusion reached.

We are of opinion that defendants' answers set out facts constituting a complete answer to the bill, if true; and that defendants should be permitted to prove the affirmative facts alleged.

Plaintiff replied generally to the answer and amended answer. The replications put in issue the truth of the facts alleged, calling on defendants for proof. 1 Hogg's Eq. Proc. (Carlin's Ed.), §480, and cases cited. No proof was offered by either party. The issue of fact raised by the pleadings is whether defendant Lawson's claim of $2,800.00 is secured by the deed of trust. This depends on the purpose for which it was made, as the same may be made to appear by competent evidence.

The cause was evidently submitted to the court on the theory that the questions of law involved would determine the rights of the parties. But since it appears that their respective rights depend upon questions of fact which may be determined by the presentation of proper evidence, we are of opinion to reverse the decree of the circuit court, and remand the cause for further proceedings, to be had in accordance with the views herein expressed.

*Reversed and remanded.*